860 F.2d 1255
 Jules SIMEON, Sr. and Ida Mae Griffin Simeon, Wife of Jules
Simeon, Sr., Plaintiffs-Appellees,
Cross-Appellants, Cross-Appellees,
v.
T. SMITH & SON, INC., Defendant-Appellee, Cross-Appellant,
v.
LUMAR MARINE, INC., Defendant-Appellant, Cross-Appellee.
 No. 86-3389.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 17, 1988.
 
 Henry S. Provosty, David L. Carrigee, Burke & Mayer, New Orleans, La., for Lumar Marine, Inc.
 William A. Porteous, III, Porteous, Hainkel, Johnson & Sarpy, New Orleans, La., for Simeon.
 Paul N. Vance, Andre J. Mouledoux, Harvey J. Godofsky, New Orleans, La., for T. Smith & Son, Inc.
 Appeals from the United States District Court for the Eastern District of Louisiana; A.J. McNamara, District Judge, Presiding.
 Before KING, WILLIAMS and GARWOOD, Circuit Judges.
 ON PETITIONS FOR REHEARING AND SUGGESTIONS FOR REHEARING EN BANC
 (Opinion August 10, 1988, 5 Cir., 1988, 852 F.2d 1421)
 Prior report: 5th Cir., 852 F.2d 1421.
 PER CURIAM:
 
 
 1
 The petitions for rehearing are DENIED and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Federal Rules of Appellate Procedure and Local Rule 35), the suggestions for rehearing en banc are also DENIED.
 
 
 2
 With respect to the motion for clarification of appellant, cross-appellee Lumar Marine, Inc. (Lumar) concerning its obligation for prejudgment interest in the suit against it by Jules Simeon, the Court notes as follows. Under this Court's judgment, and assuming that the remittiturs ordered by this Court are accepted, and after giving effect to Jules Simeon's ten percent negligence, Jules Simeon will have a judgment against Lumar for the principal sum of $500,838.75. Lumar is also liable to Jules Simeon for prejudgment interest on so much of all that $500,838.75 as represents damages which Jules Simeon had already incurred as of the time of the district court's judgment from which the instant appeals were taken. The fact that appellee, cross-appellant T. Smith & Son, Inc. (Smith) is jointly and severally liable with Lumar to Jules Simeon for the said principal amount of $500,838.75 (and Smith also being liable to Jules Simeon for an additional principal amount of $135,000; Lumar having no liability to Jules Simeon respecting such $135,000 or any interest in respect thereto) does not affect or lessen Lumar's said liability to Jules Simeon for prejudgment interest on the principal sum for which Lumar is liable to Jules Simeon*; nor does the fact that Smith is not liable to Jules Simeon for any prejudgment interest in any way affect or lessen Lumar's said liability to Jules Simeon for prejudgment interest. Cf. Transorient Navigators Co. v. M/S Southwind, 788 F.2d 288, 293-94 (5th Cir.1986). Of course, since Smith has no liability for prejudgment interest, it has no right of contribution against Lumar for prejudgment interest. Similarly, Lumar, for the reasons stated in part VII of the majority opinion herein, has no right of contribution from Smith respecting Lumar's liability for prejudgment interest. Considering Lumar's motion as one for panel rehearing, it is DENIED.
 
 
 
 *
 Lumar and Smith are, of course, also liable for post-judgment interest as stated in our original opinion herein